Amatucci v. NH Supreme Court        13-CV-502-SM  5/2/14

UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Josephine Amatucci,
     Plaintiff

     v.                                Case No. 13-cv-502-SM
                                       Opinion No. 2014 DNH 095
The New Hampshire Supreme Court,
     Defendant


                         **O R D E R**


     Josephine Amatucci is a very frequent filer in this

district.  As a result, she has been placed under some

restrictions.  Once again she seeks to file a complaint,

proceeding pro se and in forma pauperis.  She originally filed

this civil action against the New Hampshire Supreme Court.  Her

complaint was subject to preliminary screening pursuant to

28 U.S.C. § 1915(e)(2) and, upon such screening, the court

concluded that it failed to state any viable claims.

Nevertheless, the court afforded her 30 days within which to file

an amended complaint either seeking relief that the court is

empowered to grant, or naming defendants who may be required to

pay damages.


     In response, Amatucci filed a "Motion to Amend" (document

no. 5), in which she seeks to advance claims against the public

defender who represented her in 2003, when she was arrested for

violating a restraining order.  But, those are the very same claims she already tried (unsuccessfully) to litigate in a prior case before this court.  See Amatucci v. Hamilton, 11-cv-512-SM. Those claims were dismissed with prejudice, for failure to state a viable cause of action.  Ms. Amatucci cannot relitigate them in a new proceeding, as they are now barred.

Moreover, this court previously enjoined Amatucci from filing any more complaints in which she raised claims related to her arrest in 2003 (this is the seventh time she has tried to litigate such claims).  See Amatucci v. Hamilton, 2013 WL 3897758 (D.N.H. July 29, 2013) ("Plaintiff's Complaint is hereby dismissed with prejudice, and she is enjoined from commencing any further actions in this court arising from her 2003 arrest without prior approval from a judge of this court.").  She did not seek such prior approval before filing her amended complaint.

For the foregoing reasons, neither Amatucci's original complaint nor her amended complaint asserts viable causes of action, and so are dismissed.  And, she would not be afforded leave to file the amended complaint, in any event, because it runs afoul of the restrictions previously imposed.  The Clerk of Court shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 2, 2014

cc: Josephine Amatucci, pro se